**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VICTOR MAURICE PETERSON,

        Petitioner,

v.                                   CASE NO. 2:07-CV-15386
                                      HONORABLE GERALD E. ROSEN
THOMAS K. BELL,            UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner has previously filed several petitions for a writ of habeas corpus challenging his 1988 conviction out of the Saginaw County Circuit Court for two counts of first-degree murder, one count of conspiracy to commit first-degree murder, and one count of possession of a firearm in the commission of a felony. The first petition was dismissed without prejudice because petitioner had failed to exhaust his state court remedies prior to filing his petition. *Peterson v. Kapture,* U.S.D.C. No. 94-72549 (E.D. Mich. November 15, 1995). The second habeas petition was denied on the merits. *Peterson v. Smith,* U.S.D.C. No. 97-72314 (E.D. Mich. June 20, 2000); *aff'd,* U.S.C.A. No. 00-1794; 2001 U.S. App. LEXIS 18580 (6th Cir. August 13, 2001). Petitioner attempted to file a third habeas petition in 2003, but this was transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §

1

2244(b)(3)(A) for authorization to file a second or successive petition. *Peterson v. Lafler,* U.S.D.C. No. 03-70780 (E.D. Mich. October 1, 2003). The Sixth Circuit denied petitioner permission to file a second or successive petition. *In Re Peterson,* U.S.C.A. No. 04-1935 (6th Cir. February 7, 2005). For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *See also In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed several habeas petitions with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his first petition, because it had

2

been dismissed without prejudice on exhaustion grounds, *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997), petitioner's second habeas petition was dismissed on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: January 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager